1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                    **EASTERN DISTRICT OF CALIFORNIA**

9

10   **WENDY CHAVEZ, on behalf of herself**          **CASE NO. 1:19-CV-0502 AWI BAM**
     **and all other similarly situated, and as an**
11   **"aggrieved employee" on behalf of other**
     **"aggrieved employees" under the Labor**       **ORDER FOR ADDITIONAL**
12   **Code Private Attorneys General Act of**        **INFORMATION REGARDING**
     **2004,**                                        **STIPULATED DISMISSAL**
13
                    **Plaintiff**
14
               **v.**
15
     **TEXAS DE BRAZIL (FRESNO), et al.,**
16
                    **Defendants**
17

18

19          On October 28, 2019, the parties filed a stipulation for dismissal of Plaintiff's individual

20   and class claims and for the filing of Second Amended Complaint that pursued a state law Private

21   Attorneys General Act ("PAGA") claim.  See Doc. No. 18.  The dismissal of the individual and

22   class claims is based on an arbitration agreement that Plaintiff signed in connection with her

23   employment with Defendants.  See id.  This case is in its early stages and no class has been

24   certified and no motion for class certification has been filed.

25          Federal Rule of Civil Procedure 23(e) requires courts to approve the proposed voluntary

26   dismiss of a class claim even before the class has been certified.  See Choo v. Wellnx Life Scis.,

27   Inc., 2019 U.S. Dist. LEXIS 181959, *2 (E.D. Cal. Oct. 18, 2019); Madrid v. TeleNetwork

28   Partners, Ltd., 2019 U.S. Dist. LEXIS 123653, *21 (N.D. Cal. July 23, 2019).  Therefore, when

parties seek to voluntarily dismiss class claims, the Court must be aware of prejudice to a class and consider three factors before authorizing a dismissal: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." <u>Diaz v. Trust Territory of Pac. Islands</u>, 876 F.2d 1401, 1408 (9th Cir. 1989); <u>Choo</u>, 2019 U.S. Dist. LEXIS 181959 at *2-*3; <u>Madrid</u>, 2019 U.S. Dist. LEXIS 123653 at *21.

Here, the stipulation indicates that the dismissal of the class claims is to be without prejudice. <u>See</u> Doc. No. 18 at ¶¶ 9, 13. Because the dismissal is without prejudice, other class members will be able to pursue claims against Defendants. For purposes of the third *Diaz* factor, the interests of the class are not adversely affected.

With respect to the first *Diaz* factor, the stipulation states that no putative class members have been given "written notice" of the class claims or the lawsuit and Plaintiff's counsel is "unaware of any putative class member who refrained from bringing similar class action allegations in reliance on the existence of this class action." <u>Id.</u> at ¶ 13. The Court is concerned with the limitations found in this paragraph. While the Court suspects that there is little reliance on this case by putative class members, the Court would like additional information from Plaintiff's counsel. In further submissions, Plaintiff's counsel should address any publicity regarding the putative class action/claims, whether it is known if putative class members received something other than a "formal written notice" of the class action, whether it is known if putative class members have foregone pursuing individual claims in light of the putative class action, and any other information that may be relevance to the issue of reliance.

With respect to the second *Diaz* factor, the stipulation does not address any statute of limitations related issues. Plaintiff's counsel is directed to do so.

Once the additional information is received, the Court will act on the parties' stipulation.[1]

---

[1] The Court notes that the proposed Second Amended Complaint omits jurisdictional allegations. If the Court grants the parties' stipulation, Plaintiff's counsel will be ordered to include jurisdictional allegations as part of any amended complaint.

2

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that, within ten (10) days of service of this order, Plaintiff's counsel shall provide the additional information requested regarding the first and second *Diaz* factors.

IT IS SO ORDERED.

Dated:   October 29, 2019   

_____
SENIOR  DISTRICT  JUDGE