| | |
|---|---|
| **WENDY CHAVEZ, on behalf of herself and all other similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**TEXAS DE BRAZIL (FRESNO), et al.,**<br><br>**Defendants** | **CASE NO. 1:19-CV-0502 AWI BAM**<br><br>**ORDER FOR ADDITIONAL INFORMATION REGARDING STIPULATED DISMISSAL** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

On October 28, 2019, the parties filed a stipulation for dismissal of Plaintiff's individual and class claims and for the filing of Second Amended Complaint that pursued a state law Private Attorneys General Act ("PAGA") claim. See Doc. No. 18. The dismissal of the individual and class claims is based on an arbitration agreement that Plaintiff signed in connection with her employment with Defendants. See id.

On October 30, 2019, the Court requested additional information from Plaintiff's counsel regarding the three *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989) factors that a court is to consider before permitting the voluntary dismissal of a putative class action. See Doc. No. 19. On November 5, 2019, Plaintiff's counsel submitted the additional information. See Doc. No. 20.

Federal Rule of Civil Procedure 23(e) requires courts to approve the proposed voluntary dismiss of a class claim even before the class has been certified. See Choo v. Wellnx Life Scis., Inc., 2019 U.S. Dist. LEXIS 181959, *2 (E.D. Cal. Oct. 18, 2019); Madrid v. TeleNetwork Partners, Ltd., 2019 U.S. Dist. LEXIS 123653, *21 (N.D. Cal. July 23, 2019). Therefore, when parties seek to voluntarily dismiss class claims, the Court must be aware of prejudice to a class and consider three factors before authorizing a dismissal: "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." Diaz v. Trust Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989); Choo, 2019 U.S. Dist. LEXIS 181959 at *2-*3; Madrid, 2019 U.S. Dist. LEXIS 123653 at *21.

Here, with respect to the first *Diaz* factor, the initial stipulation and the supplemental materials demonstrate that Plaintiff's counsel is unaware of any publicity surrounding the filing of this case, no potential class members have contacted counsel, counsel unsuccessfully attempted to contact three putative class members, counsel is unaware of any foregone opportunities by class members to participate in individuals suits or other class actions, and no class member received written notice of the suit. See Doc. No. 18 at ¶ 13; Doc. No. 19 at ¶¶ 4-7. From counsel's submissions, the Court concludes that there is either no or insubstantial detrimental reliance by the member of the putative class action.

With respect to the second *Diaz* factor, counsel points out that, per *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974), the statutes of limitations were all tolled as to the class when the complaint was filed. Further, counsel is unaware of any imminently approaching limitations periods that would leave the putative class members with inadequate time to file other actions. See Doc. No. 19 at ¶ 9. From this submission, the Court does not detect a significant statute of limitations problem.

Finally, with respect to the third *Diaz* factor, the stipulation indicates that the dismissal of

the class claims is to be without prejudice. See Doc. No. 18 at ¶¶ 9, 13. Because the dismissal is without prejudice, other class members will be able to pursue claims against Defendants. Additionally, no class has been certified and no motion to certify class has been filed. The Court concludes that the interests of the class are not adversely affected.

Because the submissions of counsel and the *Diaz* factors do not show that the putative class will be prejudiced by the proposed voluntary dismissal, the Court will generally give effect to the stipulation. Per the stipulation, Plaintiff's individual and class action claims will be dismissed without prejudice. Plaintiff will file and serve her proposed second amended complaint, but the second amended complaint will add jurisdictional allegations.[1] Because the Court will not permit the proposed second amended complaint to be filed without jurisdictional allegations, the second amended complaint will not be deemed to have been filed on October 28, 2019 (the date it was lodged as part of the parties' stipulation).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Per the parties' stipulation, Plaintiff's individual and class action claims (non-PAGA claims) are DISMISSED without prejudice; and

2. Plaintiff shall file the proposed Second Amended Complaint, but shall add jurisdictional allegations to the proposed Second Amended Complaint, within seven (7) days of service of this order.

IT IS SO ORDERED.

Dated:   November 6, 2019

_____
SENIOR DISTRICT JUDGE

---

[1] Plaintiff's proposed Second Amended Complaint contains no jurisdictional allegations and is thus, improper.

3